**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Massage Envy Franchising LLC, | No. CV-18-01998-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Goat Rodeo Ventures LLC, *et al.*, | |
| Defendants. | |

At issue is the Motion for Preliminary Injunction filed by Plaintiff Massage Envy Franchising LLC (Doc. 23). Defendants Goat Rodeo Ventures LLC, Pure Therapy LLC, Bovine Scat Holdings LLC, Triple T Gas LLC, Shonk-Bunch ME LLC, and Christopher R. Shonk have failed to timely file a Response to Plaintiff's Motion, *see* LRCiv 7.2(c), so Plaintiff is entitled to summary disposition of its Motion, *see* LRCiv 7.2(i). However, to comply with Federal Rule of Civil Procedure 65(d), the Court will now provide justification for the entry of a Preliminary Injunction, state its terms specifically, and describe in reasonable detail the acts restrained or required.

On June 26, 2018, Plaintiff filed its Complaint (Doc. 1) against Defendants, raising two breach of contract claims, one pertaining to franchise agreements and the other pertaining to guaranty agreements. Defendants filed an Answer (Doc. 21) on August 8, 2018, and Plaintiff filed the present Motion for Preliminary Injunction (Doc. 23) on August 14, 2018.

# I. ENTITLEMENT TO PRELIMINARY INJUNCTIVE RELIEF

To obtain a preliminary injunction, Plaintiff must show that "(1) [it] is likely to succeed on the merits, (2) [it] is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in [its] favor, and (4) an injunction is in the public interest." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The Ninth Circuit Court of Appeals, employing a sliding scale analysis, has also stated that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1078 (9th Cir. 2013) *cert. denied*, 134 S. Ct. 2877 (2014) (quoting *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1132 (9th Cir. 2011)). It is under this standard that the Court evaluates Plaintiff's breach of contract claims.

## A. Likelihood of Success on the Merits

In its Motion (Doc. 23), Plaintiff produces evidence that it has trademark rights in its name, Massage Envy, and owns a system relating to the establishment and operation of personal health clinics under its name. Plaintiff entered into seven relevant Franchise Agreements with Defendants, and Shonk provided personal Guarantees for the Agreements. Defendants repeatedly breached the Agreements over a period from 2015 to 2017, and Plaintiff sent Defendants multiple Notices of Default over the same period. On July 8, 2017, Plaintiff sent written notice to Defendants stating that it had grounds to terminate the Agreements but giving Defendants a reasonable period of time to sell their clinics before Plaintiff exercised its termination rights. Defendants declined to do so and continued to breach the Agreements, and Plaintiff notified Defendants that it was terminating the Agreements on May 1, 2018.

Under the Agreements, Plaintiff has 30 days from the date of written notice of termination to purchase Defendants' interests in the clinics as well as fixtures, furniture and the like. The purchase price is to be set at the fair market value at the time of

Plaintiff's exercise of the purchase option. If the parties cannot agree on a fair market value, it is to be set either by an arbitrator (under three of the Agreements) or a panel of appraisers (under the other four Agreements).

Upon terminating the Agreements, Plaintiff requested that Defendants provide a list of operating assets and their age for the purpose of assessing the assets' value. Defendants failed to cooperate and continued to operate the clinics under Plaintiff's name, in various states of disrepair, and out of compliance with the requirements of the now-terminated Agreements.

Defendants have provided no evidence to oppose that provided by Plaintiff, and it is thus undisputed that the Agreements are valid and enforceable; Defendants breached the Agreements; Defendants failed to take the required steps to effectuate sale of the operating assets to Plaintiff; and Plaintiff has suffered and continues to suffer harm in the form of damages and injury to its brand and goodwill. Therefore, Plaintiff has demonstrated it is likely to succeed on the merits of its breach of contract claims and its request for specific performance. *See Ocean Beauty Seafoods, LLC v. Pacific Seafood Grp. Acquisition Co., Inc.*, 648 Fed. App'x 709, 710-11 (9th Cir. 2016); *Malo, Inc. v. Alta Mere Indus., Inc.*, 2007 WL 1703454, at *4-5 (D. Nev. June 11, 2007) (concluding franchisor is likely to succeed on the merits in seeking to enforce purchase option under franchise agreement).

### B. Irreparable Harm and Balance of the Equities

Plaintiff has also demonstrated it is likely to suffer irreparable harm to its brand and goodwill resulting from Defendants' breaches. For example, Plaintiff produced evidence that, if Defendants continue to refuse to relinquish the mismanaged clinics to Plaintiff and the clinics continue to fail—as two clinics have already—then Massage Envy customers will lack facilities at which they can use their annual memberships and are likely to become disenchanted with the Massage Envy brand, resulting in the loss to Plaintiff of not only reputation and brand value but also specific customers. The Court

thus finds Plaintiff has sufficiently demonstrated it is likely to suffer irreparable harm in the absence of a preliminary injunction.

Plaintiff has also shown the balance of equities tips in its favor, weighing the harm to Plaintiff's reputation, goodwill, and brand as well as the integrity of its franchise system, on the one hand, against any harm to Defendants created by their own breaches of the Agreements, on the other hand.

### C. Public Interest

Finally, Plaintiff has provided sufficient legal authority to support the proposition that a preliminary injunction is in the public interest, namely, that the terms of a valid contract should be enforced against the parties to the contract. *See Rebath LLC v. New England Bath Inc.*, No. CV-16-01700-PHX-DLR, 2016 WL 8670165, at *6 (D. Ariz. July 15, 2016) ("It is generally in the public interest to enforce valid contracts and make parties live up to their agreements." (internal quotations omitted)), *Armored Grp., LLC v. Supreme Corp.*, No. CV-09-00414-PHX-NVW, 2010 WL 3940459, at *6 (D. Ariz. Oct. 6, 2010) ("Arizona law favors [contract] enforcement when it is clear that the parties intended themselves to be bound." (internal quotations omitted)).

Because Plaintiff has demonstrated each of the elements required to obtain a preliminary injunction, the Court will enter Plaintiff's requested injunctive relief.

## II. SECURITY

Rule 65(c) provides that the Court may issue a Preliminary Injunction "only if the movant gives security in the amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Here, Plaintiff provides evidence that the Agreements state that Plaintiff need not post a bond to obtain injunctive relief. Although it is for the Court to decide the proper bond amount under Rule 65(c), the Court agrees with Plaintiff that the injunctive relief sought is principally a valuation of assets, which will not itself impair the value of the assets, and thus the costs or damages possibly sustained by Defendants, in the form of the cost of

asset valuation, is minimal. The Court will thus assess a mere $1,000 bond for the issuance of the Preliminary Injunction.

**IT IS THEREFORE ORDERED** granting Plaintiff's Motion for Preliminary Injunction (Doc. 23).

**IT IS FURTHER ORDERED** that Defendants Goat Rodeo Ventures LLC, Pure Therapy LLC, Bovine Scat Holdings LLC, Triple T Gas LLC, Shonk-Bunch ME LLC, and Christopher R. Shonk shall do the following:

    1. Provide to Plaintiff Massage Envy Franchising LLC ("MEF"), within seven days of the date of entry of this Order, their determination of the fair market value of all of the operating assets previously designated for purchase by MEF (the "Operating Assets") at the following Massage Envy clinics (the "Clinics") formerly operated by Defendants under Franchise Agreements with MEF: (1) 3201 Bee Caves Road, Suite 156, Austin, Texas 78746; (2) 107 S. IH 35, Suite 790, Round Rock, Texas 78664; (3) 10515 N. Mopac Expressway, Suite 210, Austin, Texas 78759; (4) 2921 Shops Parkway, Suite 101, Bee Cave, Texas 78738; (5) 9500 South IH 35, Suite L500, Austin, Texas 78748; (6) 201 University Oaks Boulevard, Suite 1240, Round Rock, Texas 78665; and (7) 1335 East Whitestone Boulevard, Suite E-300, Cedar Park, Texas 78613.

    2. Submit any disagreement with Plaintiff over the fair market value of the Operating Assets to an arbitrator or a panel of appraisers, as specified by the Franchise Agreement for the particular Clinic in question, within seven days of any failure by the parties to agree on the fair market value of the Operating Assets.

**IT IS FURTHER ORDERED** that, in the event Defendants fail to timely comply with the requirements set forth above, Defendants shall immediately execute a bill of sale transferring title to the Operating Assets to MEF in exchange for the payment from MEF of $38,847.74, and shall immediately turn over possession of the Operating Assets to MEF.

**IT IS FURTHER ORDERED** that Plaintiff shall deposit with the Clerk of this Court a bond in the sum of $1,000.00 under Federal Rule of Civil Procedure 65(c).

Dated this 30th day of August, 2018.

_____
Honorable John J. Tuchi
United States District Judge